Judgment rendered August 11, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,000-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| PULLIG HOLDINGS, L.L.C. AND MUDD HOLDINGS | Plaintiffs-Appellees |
| versus | |
| SUCCESSION OF EDDIE LEWIS, ET AL. | Defendants-Appellants |

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 41,885

Honorable Jenifer Ward Clason, Judge

* * * * *

| | |
|---|---|
| CARL H. FRANKLIN | Counsel for Appellant, Bonestine Johnson a/k/a Bonnie Lewis Johnson |
| BETHARD AND BETHARD, L.L.P. By: Benjamin T. Bethard | Counsel for Appellees, Pullig Holdings, L.L.C. and Mudd Holdings |
| JOHNNY C. SUMLIN | Appellee, In Proper Person |
| SHARUNDA SUMLIN | Appellee, In Proper Person |

| | |
|---|---|
| LISA L. JOHNSON | Appellee, In Proper Person |
| DANIEL D. SUMLIN | Appellee, In Proper Person |
| MIRANDA RANSOME | Appellee, In Proper Person |
| ANGELA GRIFFIN-YARMAK | Appellee, In Proper Person |
| RICKY L. SUMLIN | Appellee, In Proper Person |
| BONNIE ETHEL JOHNSON | Appellee, In Proper Person |
| CRYSTAL SUMLIN COMBS | Appellee, In Proper Person |
| DIANN M. SUMLIN | Appellee, In Proper Person |
| ADDIE SUMLIN CARTER | Appellee, In Proper Person |
| SADIE WILLIAMS ALICEA | Appellee, In Proper Person |
| JIM TOM SUMLIN | Appellee, In Proper Person |
| JESSIE P. SHYNE | Appellee, In Proper Person |
| ORA D. SUMLIN | Appellee, In Proper Person |
| VERSHETTA SUMLIN SOLOMON | Appellee, In Proper Person |
| JARIUS LEE HUFFAKER | Appellee, In Proper Person |

| | |
|---|---|
| MARY R. HAMPTON | Appellee, In Proper Person |
| MILIK WIGGINS | Appellee, In Proper Person |
| JAIYA ALSTON | Appellee, In Proper Person |
| LAURA HEARN | Appellee, In Proper Person |
| JADEN ALSTON | Appellee, In Proper Person |

\* \* \* \* \*

Before MOORE, STONE, and ROBINSON, JJ.

**ROBINSON, J.**

In this partition case concerning an 80-acre tract of land in Claiborne Parish, a co-owner appealed the judgment ordering a partition by licitation. We affirm the judgment.

## FACTS

Tom Lewis and Addie Wilson Lewis ("the Lewises") acquired the subject property in 1916. Their five children inherited the parents' interests in the property. In 1978, Frank Winzer obtained an undivided interest in the property from four of the Lewises' children, one of whom was apparently his mother, and the descendants of the fifth child. In 2007, Red Oak Timber Company, LLC obtained an undivided interest in the subject property from some of the descendants of the Lewises and of Winzer. In 2013, Red Oak conveyed one-half of its interest to Pullig Holdings, LLC ("Pullig") and the other one-half interest to Mudd Holdings, LLC ("Mudd").

On August 6, 2019, Mudd and Pullig filed a petition for partition of the subject property by licitation. Various descendants of the Lewises were named as defendants, and an attorney was appointed to represent any absentee defendants. Attached to the petition were a title abstract and affidavits from Sandra Sanford, the accountant for Mudd and Pullig. One affidavit listed the descendants of the Lewises based on conversations that Sanford had with Lisa Johnson, a granddaughter of the Lewises. The other affidavit listed the heirs of Frank Winzer.

Bonnie Lewis Johnson, a daughter of the Lewises and the owner of an undivided interest in the property, filed an answer in which she asserted that neither Mudd nor Pullig could prove that they were a co-owner. She asserted in the alternative that any partition should be in kind. The petition

was amended to reflect the purported ownership interests as they existed at that moment.

Trial on the merits was held on August 21, 2020. Sam Pullig is a manager of both Mudd and Pullig. He testified that he attempted to work with the other co-owners to harvest the timber or divide the property. Sandra Sanford testified concerning the payment of property taxes. Lisa Johnson testified about her knowledge concerning the descendants of the Lewises. Johnson had provided the information to Sanford for one of her affidavits. Introduced into evidence at trial were the exhibits attached to the petition and deeds reflecting the conveyances of interests in the property.

The trial court found that the evidence established Mudd's and Pullig's title to the property and that every link in the title had been adequately proven. On August 21, 2020, the trial court signed a judgment recognizing Mudd and Pullig as each having a 20% ownership interest in the property. Bonnie Lewis Johnson was also determined to own a 20% interest. Twenty-two other individuals were recognized as co-owners of the property, with their ownership interests ranging from 0.10% to 6.6%. The court also ordered the property to be sold to effect a partition by licitation.

On September 9, 2020, Bonestine Johnson, a daughter of Bonnie Lewis Johnson, filed a motion for a suspensive appeal as the agent for her mother. Unfortunately, Bonnie Lewis Johnson died on December 25, 2020, at the age of 101 years old. Bonestine Johnson, appearing as the executrix of her mother's estate, filed a motion to substitute the proper party appellants, which this Court granted.

## DISCUSSION

No one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act. La. C.C. art. 807. Any co-owner has a right to demand partition of a thing held in indivision. *Id.*

Johnson first argues that the trial court erred in ordering a partition because Mudd and Pullig did not prove every link in their claim of title to the property that would entitle them to force a partition by licitation. This argument is without merit. The trial court was presented with deeds showing the conveyances of various ownership interests to Red Oak. The court also heard testimony detailing the lineage of the Lewises' descendants.

Johnson next argues that the trial court erred in accepting Mudd's and Pullig's calculations of their ownership interests such that Johnson was precluded from exercising the option to purchase their interests at a private sale following an appraisal. La. R.S. 9:1113 states:

> A. If immovable property is susceptible to partition by licitation or private sale pursuant to Civil Code Article 811, and a petition to partition the property is filed by a co-owner or co-owners owning either an aggregate interest of fifteen percent or less of the immovable property or an aggregate interest of twenty percent or less of the immovable property if there was past ownership of the whole by a common ascendant, the court shall allow the remaining co-owners to purchase at private sale the petitioners shares at a price determined by a court-appointed appraiser.
> B. (1) Each remaining co-owner shall only be entitled to purchase a portion of the property being sold equal to his pro rata share. Each remaining co-owner shall have thirty days from the date the last defendant is served with the petition to partition or thirty days from receipt of written notice, sent by certified mail or commercial courier, from a co-owner waiving his right to purchase, whichever is earlier, in which to file a notice to exercise his option to purchase his pro rata share of the property being sold. Where past ownership of the property was by a common ascendant, each remaining co-owner shall have ninety rather than thirty days to file the notice provided by this

3

Paragraph. The filed notice, which shall be served on all parties, shall be considered a fully binding contract to purchase the property.

(2) Upon the lapse of the time in which to file the notice required in Paragraph (1) of this Subsection, any co-owner who has failed to timely exercise his option to purchase the property shall relinquish his right to purchase his pro rata share. The relinquishment of the right to purchase shall enure to the benefit of the remaining purchasing co-owners, who shall then be entitled to purchase, by pro rata share, the shares made available by the co-owner who relinquished his right to purchase. Each remaining purchasing co-owner shall have an additional ten days from the previous deadline to file his notice to purchase the relinquished shares.

(3) The procedures provided in this Subsection shall continue until there are no outstanding forfeited shares; however, the court may use its discretion in rounding the shares of the co-owners to the nearest hundredth share.

(4) The initial calculation of the pro rata share in this Subsection shall be based on the percentage of ownership of potential purchasing co-owners, excluding the petitioning co-owners. When a potential purchasing co-owner relinquishes his right to purchase, the pro rata share shall be recalculated to include only the remaining purchasing co-owners, excluding the relinquishing co-owners. Once a purchasing co-owner relinquishes his right to purchase his pro rata share, he shall not be entitled to file any subsequent notice to purchase in the pending action.

Mudd and Pullig each own a 20% interest, and their aggregate interest is 40%. Thus, because their ownership interests exceed the statutory minimum on both an individual and aggregate basis, Johnson was not entitled to purchase their interests at private sale at a price determined by a court-appointed appraiser. La. R.S. 9:1113 is inapplicable in this matter.

Finally, Johnson argues that the trial court erred in ordering partition by licitation without any testimony regarding the difficulty or cost to partition. She further contends that nothing in the record supports the claim that partition in kind will cause a diminution in value or loss of convenience of one of the owners.

4

Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind. La. C.C.P. art. 4606.

The burden of proof is on the party seeking partition by licitation to prove that the property cannot be divided in kind. *Tri-State Concrete Co., Inc. v. Stephens*, 406 So. 2d 205 (La. 1981). The general rule is that partition in kind is favored over partition by licitation. *Id.*

The court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision. La. C.C. art. 810.

At the time that the trial court rendered its judgment, La. C.C. art. 811 read:

> When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares. In the event that one or more of the co-owners are absentees or have not consented to a partition by private sale, the court may set the terms of the sale and order a partition by private sale.

La. C.C. art 811 was subsequently amended by 2021 La. Acts. No. 27.

The decision of whether land should be divided in kind or by licitation is a question of fact to be decided by the trial court. *Mitchell v. Cooper*, 48,125 (La. App. 2 Cir. 7/24/13), 121 So. 3d 736.

There must be as many lots as there are shares or roots involved. *Tri-State Concrete Co., Inc. v. Stephens*, *supra*. There are at least 25 co-owners, with the smallest share in the subject property being a 0.10% interest. A partition in kind would be inconvenient and impractical under the

5

circumstances. Accordingly, the trial court was not manifestly erroneous in ordering a partition by licitation.

## CONCLUSION

For the foregoing reasons, the judgment is affirmed at appellant's costs.

**AFFIRMED**.